UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JORDAN MICHAEL CRALL,

        Petitioner,                 Case No. 1:25-cv-996

v.                                          Honorable Jane M. Beckering

STATE OF MICHIGAN et al.,

        Respondents.
_____/

**OPINION**

Petitioner Jordan Michael Crall is a detainee at the Branch County Jail in Coldwater, Michigan. Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention violates his constitutional rights.[1] (§ 2241 Pet., ECF No. 1.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice. The Court will also deny Petitioner's motions for "entry statement evidence exhibit request." (ECF Nos. 6, 8.)

---

[1] When Petitioner filed his petition, he did not specifically reference "28 U.S.C. § 2241"; however, in his petition, Petitioner challenges pending state criminal proceedings in the Branch County courts. Therefore, Petitioner's petition is properly filed under 28 U.S.C. § 2241, and the Court construes this habeas action as proceeding pursuant to § 2241.

**Discussion**

I. **Leave to Proceed** *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner is currently detained at the Branch County Jail pending state criminal charges in the Branch County courts. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

II. **Factual Allegations**

As an initial matter, Petitioner's petition is not a model of clarity. He mentions that violations of his right to freedom of speech have led to him being charged in numerous cases pending in Branch County. (§ 2241 Pet., ECF No. 1, PageID.2.) Petitioner mentions Case Nos. 20240736SM, 20250507FY, 20250016OM, 20250559FY, 20250560FY, and 20250561FY. (*Id.*) Petitioner, however, does not mention the nature of the pending charges, and these case numbers do not correlate to case numbers involving Petitioner in the Branch County Circuit Court. Presumably, Petitioner's charges remain pending in the Branch County District Court, but that court does not provide public access to pending court matters. While Petitioner's § 2241 petition is vague, it appears that Petitioner seeks the dismissal of the charges against him and release from custody.[2] (*Id.*, PageID.2–3.) Petitioner also appears to take issue with the fact that he was not granted bond. (*Id.*, PageID.3.)

III. **Exhaustion Under § 2241**

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543,

---

[2] Petitioner also seeks $30 million in damages, but "habeas corpus is not an appropriate or available federal remedy" to pursue "a damages claim." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The United States Court of Appeals for the Sixth Circuit has approved consideration of a pretrial § 2241 petition in the following exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *see Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); (3) when a petitioner claims that he has been subjected to excessive bail, *Atkins*, 644 F.3d at 549; and (4) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, as to any claim by Petitioner that the state criminal charges against him are unconstitutional and that the charges against him should be dismissed, that relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must

3

await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 & n.5 (1st Cir. 2000).

Moreover, although not specifically articulated by Petitioner, to the extent that Petitioner intended to raise an excessive bail claim in the present petition, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Here, Petitioner does not set forth any allegations suggesting that he has challenged his bond status in the state trial court. Moreover, a review of public dockets indicates that there are no pending Michigan appellate court matters linked to Petitioner. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.

**IV.    Motion For "Entry Statement Evidence Exhibit Request" (ECF Nos. 6 and 8)**

In each of Petitioner's motions, Petitioner suggests that he is "sending a total of 153" pages. (ECF No. 6, PageID.120; ECF No. 8, PageID.133.) The first motion that the Court received consisted of only 12 pages (ECF No. 6); Petitioner attached 58 pages to his second motion (ECF

4

No. 8-1). Petitioner's motions are not a model of clarity; however, Petitioner appears to suggest that he wants to submit several exhibits to show that his constitutional rights have been violated during his pending criminal proceedings. In light of the fact that Petitioner's § 2241 petition is subject to dismissal without prejudice for lack of exhaustion, the Court will deny Petitioner's motions for "entry statement evidence exhibit request" (ECF Nos. 6 and 8).

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the petition without prejudice for lack of exhaustion, denying Petitioner's motions for "entry statement evidence exhibit request" (ECF Nos. 6 and 8), and denying a certificate of appealability.


Dated:  September 30, 2025                /s/ Jane M. Beckering
                                                                                 Jane M. Beckering
                                                                                 United States District Judge